■ In the Matter of SHERRI CONSTRUCTION CORPORATION, Respondent, v CAPEK CORPORATION, Appellant. [647 NYS2d 38] —In a proceeding pursuant to CPLR 7510 to confirm an arbitration award, Capek Corporation appeals from a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered January 25, 1995, which confirmed the award.

Ordered that the judgment is affirmed, with costs.

This contract dispute arises out of the construction of an office building by Sherri Construction Corporation (hereinafter Sherri) for Capek Corporation (hereinafter Capek). During the course of construction a dispute arose concerning a progress payment requisition submitted by Sherri for work completed to that date. Capek, believing that the requisition was unfounded, demanded documentation of the work completed. The documentation which was supplied by Sherri was not satisfactory to Capek and it refused to pay on the requisition. Sherri ceased work on the project and filed a mechanic's lien which it thereafter sought to foreclose.

Capek moved to compel arbitration under the contract provisions, arbitration ensued, and the arbitrator awarded Sherri the relief it demanded from Capek.

On this appeal, Capek contends that the arbitrator "exceeded his powers" in awarding Sherri its claim alleging that the clear unambiguous terms of the contract were ignored. However, "any limitation upon the power of the arbitrator must be set forth as part of the arbitration clause itself" *(Matter of Silverman [Benmor Coats],* 61 NY2d 299, 307) and here the arbitration clause does not contain any limitation upon the power of the arbitrator, but rather the arbitration clause broadly provides that "[a]ny controversy or Claim arising out of or related to the Contract or the breach thereof, shall be settled by arbitration".

CPLR 7501 mandates that "[i]n determining any matter arising under this article, the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute". In this respect the authority of the arbitrator is plenary.

"Even where the arbitrator makes a mistake of fact or law,

or disregards the plain words of the parties' agreement, the award is not subject to vacatur 'unless the court concludes that it is totally irrational or violative of a strong public policy' and thus in excess of the arbitrator's powers" *(Hackett v Milbank, Tweed, Hadley & McCloy,* 86 NY2d 146, 155; *see, Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341, 346; *Matter of Silverman [Benmor Coats], supra,* at 308; *Matter of Sprinzen [Nomberg],* 46 NY2d 623, 631; *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 357). Here the award was not totally irrational and is founded upon an interpretation of the evidence presented. Accordingly, the Supreme Court properly confirmed the award.

Capek's remaining contentions are without merit. Bracken, J. P., Santucci, McGinity and Luciano, JJ., concur.